IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNDRA D. LEE,**

        Petitioner,

    v.                       CASE NO.  12-3199-SAC

**STATE OF KANSAS,**

        Respondent.

### O R D E R

This pro se pleading entitled "Motion for Void Judgment" pursuant to Fed.R.Civ.P. 60(b)(4) was submitted by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Having considered the pleading, the court finds it is deficient in several respects. Petitioner is given time to cure the deficiencies that are set forth herein and is forewarned that if he fails, this action may be dismissed without prejudice.

The statutory fee for filing a federal habeas corpus petition is $5.00. The statutory fee for filing a civil complaint is $350.00. Mr. Lee has neither paid the fee nor submitted a motion to proceed in forma pauperis. This case cannot proceed unless and until Mr. Lee satisfies the filing fee in one of these two ways. The clerk will be directed to send him forms for filing an in forma pauperis motion. If he chooses to satisfy the fee by filing a motion to proceed in forma pauperis, he is required by statute to attach a certified copy

of his inmate account statement for the six months preceding the filing of this action.

It is immediately apparent from the initial pleading that Mr. Lee is not proceeding in an appropriate manner for the claim(s) he presents. A motion for void judgment filed pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure is an attack upon a judgment that has been entered in a federal court case. Mr. Lee is not attacking a federal court judgment. Instead, it is clear that he seeks to attack his state criminal convictions, which are state court judgments.[1] He claims that he

---

[1] It plainly appears from petitioner's allegations that he seeks to challenge his convictions of aggravated kidnaping, kidnaping, and aggravated assault entered in the State of Kansas in Case No. 95-CR-423 for crimes committed in January 1993. The court takes judicial notice of *Kansas v. Lee*, 263 Kan. 97 (Kan. 1997), which indicates the following. In 1995, Mr. Lee was convicted by a jury in the District Court, Sedgwick County of first-degree murder, aggravated kidnapping, aggravated assault, and kidnapping. He directly appealed, and the Kansas Supreme Court's (KSC) holdings included that the two-year statute of limitations on the non-murder charges "was tolled during the defendant's incarceration in another state." *Id.* at 641. The KSC discussed K.S.A. 1996 Supp. 21-3106 as providing in pertinent part that a "prosecution for murder may be commenced at any time," while a "prosecution for any crime not governed by (prior subsections) must be commenced within two years after it is committed." They noted that "the 2-year time period begins to run on the day after the offense is committed" and "stops running when a prosecution is commenced by the filing of a complaint or information, an indictment is returned, and a warrant is delivered to the sheriff or other officer for execution." *Id.* at 646 (citing K.S.A. § 21-3106(8), (9)). The KSC found that the two-year statute of limitations on the non-murder crimes with which Lee was charged began to run on January 17, 1993, and expired on January 17, 1995. They further found that the complaint charging Lee was not filed until February 27, 1995, and that a warrant for his arrest was issued on that same day. *Id.* at 647. However, they also found that this two-year statute of limitations period may be tolled under certain circumstances including the absence of the accused from the state. *Id.* (citing K.S.A. 21-3106(7)(a)). They found that "Lee had been out of the state and in the custody of the federal government beginning November 10, 1993," and "incarcerated in Missouri and Oklahoma from November 23, 1993, until his return to Kansas on April 10, 1995, to stand trial" on state charges. *Id.* "Lee argued" as he appears to here, "that his absence from the state was involuntary and thus could not be used against him to toll the running of the statute of limitations." This court expresses no opinion as

was "deprived of the affirmative defense" that the statute of limitations on these charges had expired and was denied due process as a result. In support, he alleges that he was out of state serving a federal sentence for unrelated crimes when the warrant was issued on the state charges. He asks the court to find that "counts 3, 4, and 5 are void."

A Rule 60(b) motion is not the appropriate procedure for raising these claims. In order to challenge his 1995 state convictions in federal court, Mr. Lee must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Local court rules require that a § 2254 petition be filed upon court-approved forms. The clerk will be directed to send those forms to Mr. Lee. He will be given time to submit his habeas corpus challenge(s) to his 1995 convictions upon the appropriate forms. He must answer all questions on the forms fully or indicate if they are not applicable.[2] If Mr. Lee presents his habeas corpus claims in the appropriate manner, this action may go forward as a habeas corpus petition under § 2254.

Mr. Lee has filed an Objection to this court's "Recharacterization of his Motion for Void Judgment" apparently

---

to the merits of any of Mr. Lee's claims.

[2]   Mr. Lee is forewarned that generally a state prisoner has only one opportunity to present challenges to his state convictions in a federal habeas corpus petition. Consequently, if he does convert this to a § 2254 petition, it is crucial that he raise all constitutional challenges that he intends to have reviewed in federal court in the first § 2254 petition that he files.

because the clerk was directed to docket this as a habeas petition. His objection is not well-taken. Nor is a hearing warranted on this question because his assertion that he is entitled to relief under Rule 60(b) is legally frivolous. While the court will not decide this matter as a habeas corpus petition over Mr. Lee's continued objection, the alternative is that this action will be dismissed for failure to state a claim for relief under FRCP Rule 60(b).

The procedural history of petitioner's state criminal case from the opinions on petitioner's direct and collateral appeals indicates that, without either additional statutory or equitable tolling, a federal habeas petition filed by Mr. Lee on his 1995 convictions might be dismissed as time-barred. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).

Applying the foregoing statutory provisions to the facts of this case, petitioner's conviction "became final" for limitations purposes on January 31, 1998, which was 90 days after completion of his direct appeal. This date is used because it includes the time in which a defendant may file a petition for writ of certiorari in the U.S. Supreme Court. The statute of limitations for filing a federal habeas corpus petition on Mr. Lee's 1995 state convictions might have begun to run the next day and continued to run without interruption until it expired one year later on January 31, 1999. However, it also appears that Mr. Lee filed a "post-appeal motion to modify his sentence." *See State v. Lee*, 266 Kan. 1044, 975 P.2d. 1208 (Kan. 1999). If this was a tolling-type motion, the statute of limitations was tolled from the time this motion was filed in state court to the time any appeal proceedings were completed. The denial of this motion was affirmed by the KSC on March 5, 1999. Thus, even assuming this post-appeal motion had a tolling effect, the federal statute of limitations began running on March 6, 1999, and ran uninterrupted until it expired a year later on March 6, 2000. These tentative facts are set forth herein to notify Mr. Lee of the necessity for him to fully answer the question regarding timeliness in his form § 2254

petition.

In sum, Mr. Lee is given time in which to submit the appropriate filing fee or a properly-supported motion to proceed in forma pauperis. Within that same thirty-day period he must also either submit his habeas corpus claims upon the court-provided forms for filing under 28 U.S.C. § 2254, or show cause why this action should not be dismissed for failure to state a claim under Rule 60(b). If he fails to comply within the allotted time, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee and to submit his habeas corpus challenge(s) to his 1995 convictions upon the appropriate forms or show cause why this action should not be dismissed for failure to state a claim.

The clerk is directed to send petitioner § 2254 forms and IFP forms.[3]

**IT IS SO ORDERED.**

Dated this 19th day of October, 2012, at Topeka, Kansas.

---

[3] **Petitioner must write the number of this case (12-3199) on the front page of his form petition.**

>
> <u>s/Sam A. Crow</u>
> U. S. Senior District Judge