```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**UNDRA D. LEE,**

        **Petitioner,**

     v.                      CASE NO.  12-3199-SAC

**STATE OF KANSAS,**

        **Respondent.**

## O R D E R

The initial pro se pleading filed in this case is entitled "Motion for Void Judgment" pursuant to Fed.R.Civ.P. 60(b)(4). The court directed the clerk to open this matter as a habeas corpus petition because Mr. Lee referenced no existing case in which to file a "motion" and it was apparent from the content that he sought to challenge his 1995 state criminal convictions. On October 19, 2012, the court entered an order in which Mr. Lee was given time to submit the appropriate filing fee or a properly-supported motion to proceed in forma pauperis. He was forewarned that this action could not proceed unless he satisfied the fee. He was also ordered to, within the same time frame, either submit his habeas corpus claims upon the court-provided forms for filing under 28 U.S.C. § 2254, or show cause why this action should not be dismissed for failure to state a claim under Rule 60(b). It was explained to Mr. Lee that it was clear he was trying to attack his state criminal convictions and

1

was not proceeding in an appropriate manner. He was further advised that if he properly presented his habeas claims, this action might proceed as a habeas corpus petition and that the alternative was for this action to be dismissed for failure to state a claim. The court additionally noted that a federal habeas petition challenging Mr. Lee's 1995 convictions would likely be dismissed as time-barred and set forth tentative facts upon which it based this conclusion. Thus, Mr. Lee was notified of the necessity for him to fully answer the question regarding timeliness in his form habeas petition.

The time in which Mr. Lee was to comply with the court's order has expired, and he has done nothing to satisfy the statutory filing fee. "Rule 41(b) authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute as well as for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 Fed.Appx. 764, 771 (10th Cir. Mar. 12, 2009)(unpublished case cited as persuasive not controlling authority)(citing Fed.R.Civ.P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions sua sponte when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not

obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Id*. at 771-72 (citations omitted). The court finds that this action must be dismissed on account of Mr. Lee's failure to satisfy the statutory filing fee and failure to comply with the court's order regarding the fee.

The only action Mr. Lee took in response to the screening order, was to file an "Objection to the court's Order/Response to Show Cause" (Doc. 4). In this response, he simply disagrees with the rulings of the court and continues to attempt to argue the merits of his underlying habeas claims without properly submitting them in a habeas petition. Consequently, this action is dismissed for the additional reasons that Mr. Lee has not complied with the court's order to submit his habeas claims on the appropriate forms and he has utterly failed to show cause why his claim under Fed.R.Civ.P. Rule 60(b) should not be dismissed for failure to state a claim.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed for failure to satisfy the statutory filing fee, failure to comply with orders of the court, and failure to state a claim under Rule 60(b).

**IT IS SO ORDERED.**

Dated this 5th day of December, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge